Case 1:21-cv-06125-LDH-VMS   Document 35   Filed 01/28/22   Page 1 of 5 PageID #: 350

Clerk's Office
File Date:
1/28/2022
U.S. DISTRICT
COURT-EDNY
BROOKLYN
OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRIDGET CAPOBIANCO, et al.,

                                      Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

                                      Defendants.

------------------------------------------------------------------------ x

**AMENDED CONSENT ORDER**

21-cv-6125 (LDH) (VMS)

**WHEREAS** Plaintiffs filed a motion for a temporary restraining order and preliminary injunction on December 30, 2021, requesting *inter alia* that the City of New York implement eleven (11) measures which Plaintiffs allege will protect against the spread of the COVID-19 pandemic in the City's Central Booking facilities, citing guidelines from the United States Centers for Disease Control and Prevention ("CDC") issued in June 2020;

**WHEREAS** Defendant the City of New York opposed the motion on January 3, 2022;

**WHEREAS** the Parties appeared before the Hon. LaShann DeArcy Hall to address Plaintiffs' motion on January 4, 2022;

**WHEREAS** at the January 4, 2022 conference, the Court directed the Parties to submit a proposed consent order by January 5, 2022, to address the City's policies and practices to reduce the risk of COVID-19 transmission in the New York City Police Department ("NYPD") Central Booking facilities;

**WHEREAS** the Parties submitted a proposed consent order on January 5, 2022, which the Court approved and So Ordered as the Consent Order on January 6, 2022, which was set to expire on January 31, 2022;

1

**WHEREAS** the Parties appeared again before the Court on January 20, 2022 to address certain concerns that Plaintiffs had subsequently raised with the Consent Order, and the Court during that appearance ordered the Parties to meet and confer and submit for the Court's consideration an amended consent order;

**WHEREAS** the Parties acknowledge that the requirements set forth below may be subject to amendment based upon changing or updated applicable guidelines issued by the CDC, the New York State Department of Health ("NYSDOH") and the New York City Department of Health and Mental Hygiene ("DOHMH");

**WHEREAS** the Parties also acknowledge that individual detainees at Central Booking facilities may refuse to comply with the measures set forth herein, and that a detainee's failure to comply with and/or take advantage of the below measures will not be deemed a violation by the City of this Order nor form the basis for any individual detainee's claim that his or her rights were violated based on the City's actions while detained; similarly, a detainee's failure to comply with and/or take advantage of the below measures will not be deemed a basis for a detainee to claim that he or she contracted or was put at risk of contracting COVID-19 because of his or her detention in a Central Booking facility;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through the undersigned, as follows:

1. The City, where possible given particular physical layouts and fluctuating populations within the Central Booking facilities, shall continue to lodge detainees within those facilities using multiple holding cells, where available and taking security and safety concerns into account, to provide adequate spacing between detainees so that social distancing can be accomplished.

2. The City shall continue to distribute to all detainees, upon entering a Central Booking facility, a CDC-recommended mask, and to instruct detainees to wear the masks correctly while in the facility; furthermore, the City shall post signs in each Central Booking facility reminding detainees to wear masks while in custody.

3. The City shall also use the above-mentioned signs to help communicate to all detainees, including low literacy and limited-English proficiency people, sufficient information about COVID-19 to reduce the risk of transmission.

4. The City shall continue to ensure that all detainees have access to water and hand soap sufficient to allow frequent hand washing while detained, including but not limited to ensuring that sinks within the holding cells are operational and accessible.

5. The City shall continue to ensure that all detainees, upon arrival to a Central Booking facility, have access to hand sanitizer.

6. The City shall continue to regularly, and at least twice per tour, clean and sanitize the cells and other areas where detainees are held within the Central Booking facilities with disinfectant products effective against the COVID-19 virus. The Parties recognize that facilitating twice-per-tour cleaning of the cells may result in situations where social distancing within the cells, as contemplated at No. 1 above, is not possible.

7. The City shall continue to require that all Central Booking facility staff wear a CDC-recommended mask when interacting with detainees, other staff, and visitors within the facility.

8. The City shall continue to instruct all staff within Central Booking facilities to regularly wash their hands, apply hand sanitizer, and/or change their gloves.

9. The City shall ensure that appropriate healthcare personnel continue to conduct a screening process for each detainee during intake at a Central Booking facility, including taking the temperature of all detainees and questioning each detainee in compliance with the currently available recommended questions from the CDC Verbal Screening and Temperature Check Protocols for Incarcerated/Detained Persons for COVID-19 symptoms and contact with known cases, to attempt to identify detainees who are or may be infected with the COVID-19 virus.

10. Where a detainee may be positive for COVID-19 based on his or her answers to the screening questions or temperature check, or determined to be positive for COVID-19 by testing, and immediate hospital admission is not required, the City shall continue to lodge the detainee in a facility separate from the general population of detainees during the arrest and pre-arraignment processing, which has been specially designated by the City for that purpose for this period and until the detainees is released post-arraignment or transferred to the custody of the New York City Department of Correction.

11. When deemed necessary by appropriate healthcare personnel, the City shall continue to transport detainees in custody at a Central Booking facility displaying known symptoms of COVID-19 or believed to have been recently exposed to COVID-19 to the hospital for medical attention, which may include appropriate rapid testing.

12. The City shall continue to ensure that the above measures and related policies and directives are complied with at the Central Booking facilities. Commanding Officers of each Central Booking facility will continue to ensure compliance within each facility, Criminal Justice Bureau ("CJB") executives will continue to observe compliance during routine site visits to each facility, and CJB's Investigations Unit will continue to make unannounced site visits to each Central Booking facility to observe and ensure compliance with these policies. The Plaintiffs

4

reserve their rights to properly raise allegations of Defendants' noncompliance with this Consent Order before the Court. Defendants reserve their rights to respond to and/or oppose any such properly raised allegations. The Parties agree that they will follow the Court's directions in attempting to resolve these challenges, if any.

13. The above measures and related policies and directives shall remain in effect through January 31, 2022, and shall renew for a period of thirty (30) additional days thereafter, on a continuing basis for the duration of the above-captioned litigation, unless and until a Party seeks modification or termination; in the event that a Party seeks modification or termination, the Party must make an application to the Court at least two (2) weeks before the upcoming expiration date.

Dated:   New York, New York
         January 26, 2022

| LAW OFFICE OF RICHARD CARDINALE | GEORGIA PESTANA |
|---|---|
| Richard Cardinale, Esq. | Corporation Counsel of the City of New York |
| *Attorney for Plaintiffs* | *Attorney for Defendant the City of New York* |
| 26 Court Street, Suite # 1507 | 100 Church Street |
| Brooklyn, New York 11242 | New York, New York 10007 |
| (718) 624-9391 | (212) 356-2624 |
| richcardinale@gmail.com | iforster@law.nyc.gov |
| By: ___/s/_____ | By: ___/s/_____ |
| Richard Cardinale | Ian William Forster |
|  | Assistant Corporation Counsel |

SO ORDERED:
**s/LDH              1/27/2022**
HON. LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE

5