```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
BRIDGET CAPOBIANCO, et al.,                                  :
                                                             :
                                    Plaintiffs,              :
                                                             :           ORDER
                   -against-                                 :   21 Civ. 6125 (LDH) (VMS)
                                                             :
CITY OF NEW YORK, et al.,                                    :
                                                             :
                                    Defendants.              :
                                                             :
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court in this civil rights action brought pursuant to 42 U.S.C. § 1983 are the parties' discovery motions pertaining to certain of Plaintiffs' Central Booking and arrest records, some of which are sealed pursuant to New York Criminal Procedure Law Section 160.50. See ECF Nos. 39-41, 48; Dkt. Entry 3/23/2022. For the reasons that follow, the Court denies Defendants' motion to compel Plaintiffs to produce notarized releases to unseal the records, grants Plaintiffs' motion to unseal Central Booking records arising from the events described in the action's allegations, grants Defendants' motion to unseal records pertaining to Plaintiffs' arrests that gave rise to the action's allegations, and denies with leave to renew Defendants' motion to unseal Plaintiffs' other arrest records that are not immediately relevant to the action's allegations. See ECF Nos. 39-41, 48; Dkt. Entry 3/23/2022.

Section 160.50 of the New York Criminal Procedure Law provides that "[u]pon the termination of a criminal action or proceeding against a person in favor of such person . . . the record of such action or proceeding shall be sealed." N.Y. C.P.L. § 160.50(1). There is no dispute as to whether Central Booking documents immediately relevant to the action's allegations are discoverable to permit Plaintiffs and Defendants to understand documents related to the contested conditions of confinement. The parties do dispute the mechanism for

completing the production.  The immediate question is whether the party whose records are at issue have satisfied the Court that they authorize their release.  See Lehman v. Kornblau, 206 F.R.D. 345, 348 (E.D.N.Y. 2001) (noting that New York State law does not govern discoverability and confidentiality in federal civil rights actions and that state privacy rules should not be permitted to "frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983") (internal citation & quotation omitted).  On the present record, the Court rejects Defendants' position that Plaintiffs are required to produce notarized releases in order for these records to be unsealed pursuant to Plaintiffs' request for discovery.  See K.A. v. City of New York, No. 16 Civ. 4936 (LTS) (KNF), 2022 WL 1063125, at *2 (S.D.N.Y. Apr. 8, 2022) (collecting cases discussing a district court's authority to unseal state criminal records under Section 160.50 in the context of discovery); Lehman, 206 F.R.D. at 348 (finding that because the documents at issue were sought in a discovery demand, Section 160.50 did not limit their discoverability under federal law).  The representation of Plaintiffs' counsel that their clients consent to the unsealing of their own immediately relevant records for use in discovery; the parties' prior agreement that unnotarized releases would be accepted due to logistical difficulties presented previously during the COVID-19 pandemic in obtaining notarized ones; and the provision of such signed but unnotarized releases are together sufficient to confirm Plaintiffs' grant of permission to access certain records.  See Dkt. Entry 3/23/2022.

With respect to the parties' dispute regarding the scope of unsealing required, the Court grants Defendants' request to unseal Plaintiffs' arrest records that are the records of the arrests for which Plaintiffs were subject to the confinement as to which they bring the current action. Plaintiffs argue that their underlying arrest records are irrelevant to their allegations of inhumane conditions of confinement at Central Booking.  The Court disagrees.  The Court finds that such

2

records are discoverable as they may include information explaining how Plaintiffs were processed or housed at Central Booking on the dates and times at issue in the action.

On the other hand, at this juncture, the Court denies with leave to renew if appropriate Defendants' request to unseal Plaintiffs' prior and subsequent arrest records. Defendants claim these records are discoverable as they relate to the emotional-distress damages claims. This appears to be based on a misapprehension of Plaintiffs' claims. Plaintiffs' class claims for emotional-distress damages are not based on the fact that they suffered confinement per se as a result of their subject arrests but, rather, on the fact that they were allegedly subjected to unconstitutional conditions of confinement during the early months of the COVID-19 pandemic. See, e.g., Creighton v. City of New York, No. 12 Civ. 7454 (PGG) (DF), 2016 WL 1178648, at *2 (S.D.N.Y. Mar. 17, 2016) (denying the defendants' request to compel the plaintiff to produce a broad release for arrest records: "Plaintiff asserts, . . . and [the d]efendants do not refute, that no other arrest to which [the p]laintiff was subjected, either prior to or after the arrest at issue here, resulted in [a similar] period of incarceration or extended detention" as the one at issue). The requested arrest records may be shown to be relevant depending upon how the litigation develops but that issue is not ripe at this stage of discovery.

The Court rejects Defendants' position that release of the records related to the arrests that let to alleged unlawful confinement conditions is in any way contingent on the release of prior or subsequent arrest records. The Court directs the records to be released as described above, and expects that Defendants will comply expeditiously. See ECF No. 51 at 15-16.

Dated:  Brooklyn, New York
         June 2, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge